**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

EDITH HERNANDEZ FESTA, ET AL,

     Plaintiffs,

         v.                          CIV. NO. 05-1940 (PG)

NICOLAS FERNANDEZ CORNIER, ET AL,

     Defendants.

<u>**ORDER**</u>

On September 2, 2005, plaintiffs filed the above-captioned complaint pursuant to 42 U.S.C. § 1983, claiming defendants discriminated against them because of their political affiliation. Summons were issued as to all defendants on September 6, 2005 (Docket No. 2); however, on January 12, 2006, this Court entered an order to show cause as to why complaint should not be dismissed for failure to timely serve defendants. See Docket No. 3. Almost three (3) weeks later, on February 1, 2006, plaintiffs filed a motion in compliance showing good cause, and on February 21, 2006, this Court noted and granted the motion, and ordered the Clerk of the Court to reissue summons. See Dockets No. 4 & 5. The Clerk was notified of this order on February 23, 2006 via e-mail. See Docket No. 5. It appears from the record that over three (3) months later, on May 31, 2006, the Clerk was finally able to reissue summons. See Docket No. 6. Summons were then returned executed upon all defendants on August 6, 2006. See Dockets No. 7 & 8.

Pending now before the Court is defendants' motion to dismiss pursuant to FED.R.CIV.P. 12(b)(5) for insufficiency of process (Docket No. 14) filed on September 21, 2006. The appearing defendants request the dismissal with prejudice of the present action because plaintiffs have failed to serve summons within 120 days of filing the complaint in violation of FED.R.CIV.P.

4(m). Defendants point out that they were served 160 days after this Court's February 21, 2006 order allowing the reissuance of summons and 330 days after the complaint was originally filed. See Docket No. 14.

On October 13, 2006, well past their due date to oppose defendants' motion and without requesting any extensions of time, plaintiffs filed their response to defendants' request. See Docket No. 16. As provided in Local Rule 7(b), a party has ten (10) days to file a written objection to motions such as the one filed by defendants. Failure to do so results in a waiver of objections to said motion. See Rule 7(b), Local Rules of the United States District Court for the District of Puerto Rico (2004). Accordingly, this Court is not obligated to consider the plaintiffs' untimely opposition to the motion to dismiss. See Méndez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.1990). "Rules are rules and the parties must play by them." Id. Consequently, this Court deems defendants' motion to dismiss as unopposed.

Federal Rule of Civil Procedure 4(b) states that "upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant." FED.R.CIV.P. 4(b). Once the summons are properly issued, Rule 4(m) states that service of the summons and complaint shall be made upon a defendant within 120 days after the filing of the complaint. FED.R.CIV.P. 4(m). Otherwise, the Court shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. Id. However, if the plaintiff shows good cause for the failure to timely serve process, the court shall extend the time for service for an appropriate period. Id. The burden to demonstrate the requisite cause falls on plaintiff's shoulders and requires more than simple inadvertence. See De-La-Cruz-Arroyo v. Commissioner of Social Sec., 215 F.3d 1311 (1st Cir. 1998).

In addition to dismissal pursuant to Rule 4(m), Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action if the plaintiff fails "to prosecute or to comply with these rules or any order of court." FED.R.CIV.P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action … because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). "This power, which is of ancient origin, … , is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir.2003) (internal quotation marks omitted) (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir.2003)).

After reviewing this case's record, this Court notes that the short history of this case denotes a pattern of non-compliance with this Court's orders and the rules of procedure on the part of plaintiffs. After failing to timely serve process upon defendants, this Court ordered plaintiffs to show cause within ten (10) days as to why complaint should not be dismissed for lack of prosecution. This deadline also elapsed, but eventually plaintiffs appeared and showed good cause for their delay in serving process, and thus, summons were allowed to be reissued.

Thereafter, even though the record reveals that the Clerk's office was ready to reissue the summons since February 23, 2006, it was not until three (3) months later that plaintiffs stepped up to the plate and finally presented the summons to the Clerk. Rule 4(b) clearly states that the plaintiff, not the Clerk, is responsible for preparing the summons and obtaining the clerk's signature and seal. FED.R.CIV.P. 4(b). Additionally, the 120-day term to serve process upon defendants established in Rule 4(m) began to run once this Court gave plaintiffs a second chance at bat on February 21, 2006, not 120 days after plaintiffs decided to bring the

summons to the office of the Clerk for reissuance. FED.R.CIV.P. 4(m). If that were the case, cases would be lingering in court for years. Accordingly, this Court concludes that service of summons in the case at hand was due by June 22, 2006. Were plaintiffs to have presented the Clerk with the summons for reissuance soon after this Court allowed them to on February 21, 2006, defendants in this case would have been served no later than June of 2006. Instead, Plaintiffs rested on their laurels keeping their claim alive for almost a year before finally serving summons upon defendants. Consequently, plaintiffs' service of summons on August 6, 2006 is outside the term allowed by the Federal Rules of Civil Procedure.

As if this were not enough, after defendants moved for dismissal for insufficiency of service (Docket No. 14), plaintiff waited twenty-two (22) days to respond without even requesting an extension of time. See Docket No. 16. Plaintiffs' indifference to the rules of this Court resulted in defendants' motion to dismiss being deemed unopposed. Simply put, this Court will no longer tolerate plaintiffs' apathy for their own cause of action.

After a close perscrutation of the record and carefully considering defendants' arguments, and pursuant to this "court's … unquestionable authority to dismiss a case … for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc., 178 F.R.D. 365 (D.P.R. 1998), the Court dismisses this case against the defendants without prejudice pursuant to FED.R.CIV.P. 41(b) and

Civ. No. 05-1940 (PG)                                                    Page 5

FED.R.CIV.P. 4(m).[1] See also Caribbean Transp. Systems, Inc. v. Autoridad De Las Navieras, 901 F.2d 196 (1st Cir.1990) (ruling district court did not exceed its power in dismissing case for plaintiffs' failure to prosecute and to follow court's order to serve amended complaint on each defendant, in view of prior delays, prior motions, uncertain legal nature of underlying claims, obvious prejudice to defendants from keeping action alive indefinitely and absence of adequate cause for plaintiffs' actions). Accordingly, defendants' motion to dismiss (Docket No. 14) is **GRANTED IN PART AND DENIED IN PART**. Final judgment dismissing this case without prejudice shall be entered forthwith.


        **SO ORDERED.**

     In San Juan, Puerto Rico, August 13, 2007.


                            S/ JUAN M. PÉREZ-GIMÉNEZ
                            JUAN M. PÉREZ-GIMÉNEZ
                            UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges that dismissal with prejudice is a harsh sanction only to be employed when a plaintiff's misconduct has been extreme, and only after the Court determines that none of the lesser sanctions available would truly be appropriate. See Malot v. Dorado Beach Cottages Associates, 478 F.3d 40, 43 (1st Cir.2007). On this case's sad two-year birthday, we find this case to be a close call, but will dismiss **without** prejudice instead so as to not deny plaintiffs their day in court. However, plaintiffs are forewarned that a well-established tenet in American jurisprudence is that a client is bound by the mistakes of its chosen counsel, see Chestnut v. City of Lowell, 305 F.3d 18, 26 (1st Cir.2002), and future violations of rules and orders on the part of their attorney may not stave off dismissal with prejudice.